# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Randy Nichols; Bonnie L. Nichols; Robby Nichols; Jaci Nichols; Rick Nichols; Jerry Nichols; Debbie Nichols; and Kimberly J. Vachal, Trustee of the Ron Nichols and Sue Nichols Family Mineral Trust UTD March 20, 2008, | |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| vs. | |
| Satkin Corporation; Ben G. Barnett; JP Morgan Chase Bank NA and Gary Q. Ward, Trustees of the Ben Barnett Foundation; Joe A. Worsham; Bess J. Craftan; and All other persons unknown, claiming any estate or interest in or lien or encumbrance upon the property described in the complaint including any heir, devisee, legatee or personal representative of any of the above named person who may be deceased or under any other title or interest, | Case No. 4:09-cv-028 |
| Defendants. | |

| | |
|---|---|
| Robby Nichols and Jaci Nichols, | |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| vs. | |
| Satkin Corporation, et al., | Case No. 4:09-cv-029 |
| Defendants. | |

On May 18, 2009, the Plaintiffs filed complaints in two separate actions in state court in Mountrail County, North Dakota. See Case No. 4:09-cv-028, Docket No. 1-1; Case No. 4:09-cv-029, Docket No. 1-1. The Plaintiffs own the surface interest in certain real properties and seek quiet

title of the properties' mineral acres.  Defendants Satkin Corporation; Ben G. Barnett; JP Morgan Chase Bank, NA and Gary Q. Ward, trustees of the Ben Barnett Foundation; and Joe A. Worsham removed the actions to federal district court on June 9, 2009.  See Case No. 4:09-cv-028, Docket No. 1; Case No. 4:09-cv-029, Docket No. 1.

The Plaintiffs filed a "Motion for Default Judgment against Defendant Bess J. Craftan" on March 31, 2010.  See Case No. 4:09-cv-028, Docket No. 17; Case No. 4:09-cv-029, Docket No. 16. The "Affidavit of Greg W. Hennessy in Support of Plaintiffs' Motion for Default Judgment Against Defendant Bess J. Craftan" states in part:

> The defendant Bess J. Craftan has never been found in order to be served personally with a Notice of Lapse of Minerals Interest under the ND Dormant Minerals Act Ch. 38-18.1 NDCC by either Randy Nichols or Robby Nichols.  She was duly and properly served by publication in the Mountrail County Promoter newspaper after her 20 year failure to use the 30 mineral acres at issue in Case No. 28 and the 10 mineral acres at issue in Case No. 29. . . .
>
> Further, the defendant Bess J. Craftan was duly served by certified return receipt mail with the summonses and complaints in these two quiet title actions at her last known address "6194 Dallas 22, TX" in the records of the Mountrail County Recorder Office, which service was returned unclaimed to the undersigned. According to a title search by the licensed Mountrail County Abstract and Title Co., Connie Longmuir, abstracter, Craftan's last use was July 3, 1963.
>
> Still further, the other parties defendant herein found each other and jointly retained an attorney to defend.  If she was findable, they would have found her by now.

See Case No. 4:09-cv-028, Docket No. 17-1; Case No. 4:09-cv-029, Docket No. 16-1.

Rule 4 of the North Dakota Rules of Civil Procedure provides that service upon a person may be made outside the state in the same manner provided for service within North Dakota or within the state in which the service is made, or as directed by court order.  N.D. R. Civ. P. 4(d)(3).  Rule 4(d)(2) lays out five different ways to accomplish personal service of process upon an individual

fourteen years of age or older that includes by "any form of mail or third-party commercial delivery addressed to the individual to be served and requiring a signed receipt and <u>resulting in delivery</u> to that individual." N.D. R. Civ. P. 4(d)(2)(A) (emphasis added). Rule 106 of the Texas Rules of Civil Procedure also allows service by registered or certified mail, receipt requested. Tex. R. Civ. P. 106(a)(2).

Since the service was returned "unclaimed," delivery of the summonses and complaints was clearly not made, and personal service of process to Defendant Craftan was not made. <u>See</u> <u>Bloodgood v. Leatherwood</u>, 25 So. 3d 1047, 1051 (Miss. 2010) (finding that a returned envelope marked "unclaimed" is insufficient to satisfy the service requirements under the state's rules of civil procedure); <u>Approximately $14,980.00 v. Texas</u>, 261 S.W.3d 182, 189 (Tex. App. 2008) (finding that notice sent by certified mail and returned "unclaimed" does not provide the notice required under the state's rules of civil procedure); <u>Miserandino v. Resort Props., Inc.</u>, 691 A.2d 208, 216 (Md. 1997) ("Courts in jurisdictions permitting personal service by registered or certified mail have generally held that a defendant cannot defeat service by an affirmative refusal to accept the letter, but that an 'unclaimed' letter will not suffice to confer personal jurisdiction.").

Rule 4(e) of the North Dakota Rules of Civil Procedure allows service of the summons by publication in certain situations which include if "[t]he subject of the action is real or personal property in this state and the defendant has or claims a lien thereon or other interest therein, whether vested or contingent . . . ." N.D. R. Civ. P. 4(e)(1)(B). "Service of the summons by publication may be made by publishing the same 3 times, once in each week for 3 successive weeks, in a newspaper published in the county in which the action is pending . . . ." N.D. R. Civ. P. 4(e)(3). There is nothing in the record before the Court which reveals that Defendant Craftan was personally served

properly or was served by publication.

Default judgment is proper when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). However, if the party against whom a default judgment is sought has incurred no obligation to "plead or otherwise defend" the action, it is an abuse of the district court's discretion to grant default judgment. Norsyn, Inc. v. Desai, 351 F.3d 825, 828 (8th Cir. 2003). Defendant Bess J. Craftan has no obligation to plead or otherwise defend this action as she has not been properly served. As such, the motions for default judgment as to Defendant Craftan (Case No. 4:09-cv-028, Docket No. 17; and Case No. 4:09-cv-029, Docket No. 16) are **DENIED**. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court **ORDERS** that service on Defendant Bess J. Craftan be made no later than June 30, 2010.

**IT IS SO ORDERED.**

Dated this 7th day of May, 2010.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court